Joseph Yuki SOTOMURA and Grace
Fumiye Sotomura,
Plaintiffs-Appellees/Cross-Appellants,

v.

COUNTY OF HAWAII, et al.,
Defendants,

and

George R. Ariyoshi, Governor of Hawaii,
et al., Defendants-Appellants/Cross-Appellees.

Nos. 80–4488, 80–4498.

United States Court of Appeals,
Ninth Circuit.

June 7, 1982.

Wayne Minami, Atty. Gen., Chelun Huang, Jackie Mahi Erickson, Deputy Attys. Gen., Honolulu, Hawaii, Clifford H. F. Lum, Corp. Counsel, Bruce Ito, Deputy Corp. Counsel, County of Hawaii, Hilo, Hawaii, for defendants-appellants/cross-appellees.

Clinton Ashford and Douglas MacDougal, of Ashford & Wriston, Honolulu, Hawaii, for plaintiffs-appellees/cross-appellants.

ORDER

Before BROWNING, Chief Judge, SKOPIL and NORRIS, Circuit Judges.

The Sotomuras obtained a judgment in their civil rights suit brought under 42 U.S.C. § 1983. Defendants appealed. After briefs were filed on the merits and on the Sotomuras' motion to dismiss the appeal as untimely, we granted the motion to dismiss. The Sotomuras now seek attorneys' fees under 42 U.S.C. § 1988 for services performed in connection with the appeal. The Sotomuras are "prevailing parties," a prerequisite to such an award, even though they prevailed by obtaining dismissal of the appeal as untimely rather than affirmance on the merits. *Hastings v. Maine-Endwell Central School District, New York*, 676 F.2d 893, 896 (2d Cir. 1982). *Cf. Maher v. Gayne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980); *Williams v. Alioto*, 625 F.2d 845, 847–48 (9th Cir. 1980).

Normally fees are not awardable to a party who prevails on appeal only because of erroneous procedural or evidentiary rulings below. *Hanrahan v. Hampton*, 446

U.S. 754, 759, 100 S.Ct. 1987, 1990, 64 L.Ed.2d 670 (1980). But this court's ruling on the motion to dismiss was not interlocutory but final and, in effect, conclusively determined the "substantial rights of the parties." *Id.* at 757, 100 S.Ct. at 1989. Our dismissal contemplates no future proceedings involving the merits of the controversy which could change the favorable result obtained by the Sotomuras. *Swietlowich v. County of Buchs*, 620 F.2d 33, 34 (3d Cir. 1980). Viewing the litigation as a whole, *Gurule v. Wilson*, 635 F.2d 782, 791 (10th Cir. 1981), the Sotomuras successfully defended the district court judgment in their favor and are "prevailing parties" under section 1988.

The Sotomuras seek $34,941.40 in attorneys' fees. Although the issues were complex, most of the legal arguments had already been briefed before the district court. The hours claimed for preparation of the briefs on appeal appear to involve some duplication and inefficiency. Upon due consideration, we award attorneys' fees in the amount of $25,000, plus costs in the amount of $158.86.

IT IS SO ORDERED.