**Paul JENSEN, Plaintiff-Appellant,**

v.

**Harry STANGEL, et al.,
Defendants-Appellees.**

No. 83–2473.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 1985.

Decided June 10, 1985.

---

Thomas J. Ferrito, Los Gatos, Cal., for plaintiff-appellant.

William B. Mayfield, San Jose, Cal., for defendants-appellees.

Before PREGERSON and FERGUSON, Circuit Judges and STEPHENS,* District Judge.

PER CURIAM.

Paul Jensen lost his 42 U.S.C. § 1983 civil rights action against the City of San Jose and two police officers.[1] The district court under 42 U.S.C. § 1988 awarded attorney's fees to the prevailing defendants.[2] Jensen appeals the fee awards. We reverse.

During September 1979, to document alleged misconduct by the San Jose police, Paul Jensen tape recorded conversations he had with young people and police officers at the scene of several gatherings in an area accessible to the public in San Jose.

---

* Honorable Albert Lee Stephens Jr., Senior United States District Judge for the Central District of California, sitting by designation.

1. 42 U.S.C. § 1983 (1979) provides in part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory subjects ... any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. 42 U.S.C. § 1988 (1979) provides in part:
   In any action or proceeding to enforce a provision of section[ ] ... 1983 ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs.

After discovering that Jensen, an American Civil Liberties Union member, was recording their words, Officers Stangel and Lucarotti of the San Jose Police Department arrested and imprisoned him for violating section 632 of the California Penal Code, which prohibits recording or eavesdropping on confidential communications.[3] No criminal charges were ever filed against Jensen.

Jensen, however, filed a civil rights action in federal court against the City of San Jose and Officers Stangel and Lucarotti, alleging that the arrest and imprisonment violated his constitutional rights. U.S. District Judge Robert F. Peckham denied defendants' motion to dismiss under Fed.R. Civ.Pro. 12(b)(6), finding that Jensen had stated a claim for relief. The parties stipulated to the dismissal of Officer Lucarotti as a defendant. Judge Peckham then granted summary judgment for the city, but denied summary judgment for Officer Stangel because there remained triable issues of fact regarding Stangel's efforts before arresting Jensen to determine whether his conduct violated Cal.Penal Code § 632.

The case went to jury trial before U.S. District Judge Fred M. Winner of the District of Colorado, sitting by designation. The jury returned a verdict in favor of defendant Stangel. Judge Winner then found that plaintiff's action was vexatious, frivolous, and without foundation and granted attorney's fees to the prevailing defendants under 42 U.S.C. § 1988, in the sum of $4494 for Officer Stangel and $6440 for the city.

Under 42 U.S.C. § 1988, a district court may award attorney's fees to a prevailing defendant only in limited circumstances. A prevailing defendant in a civil rights action is entitled to an attorney's fees award where plaintiff's action, even though not brought in subjective bad faith, is " 'frivolous, unreasonable, or without foundation.' " *Parks v. Watson*, 716 F.2d 646, 664 (9th Cir.1983) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) ); *see Hughes v. Rowe*, 449 U.S. 5, 14–16, 101 S.Ct. 173, 178–179, 66 L.Ed.2d 163 (1980) ). We review attorney's fees awards for abuse of discretion. *Parks v. Watson*, 716 F.2d at 664.

Judge Winner found that Jensen's civil rights action was vexatious, frivolous, and without foundation, although not brought in subjective bad faith. We disagree.

A critical issue in the case was whether Officer Stangel was entitled to qualified immunity based on an asserted good faith reasonable belief that his arrest and imprisonment of Jensen were legal. *See Pierson v. Ray*, 386 U.S. 547, 555–57, 87 S.Ct. 1213, 1218–19, 18 L.Ed.2d 288 (1967); *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir.1981), *cert. denied*, 459 U.S. 829, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982). Before he arrested Jensen, Officer Stangel read Cal.Penal Code § 632. He also tried unsuccessfully to reach by radio the night deputy district attorney to obtain an inter-

---

**3.** Cal.Penal Code § 632 (1970) provides in part:

(a) ... Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records such confidential communication, whether such communication is carried on among such parties in the presence of one another or by means of a telegraph, telephone or other device, except a radio, shall be punishable by fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison not exceeding three years, or by both such fine and imprisonment in the county jail or in the state prison.

\*   \*   \*   \*   \*   \*

(c) ... The term "confidential communication" includes any communication carried on in such circumstances as may reasonably indicate that any party to such communication desires it to be confined to such parties, but excludes a communication made in a public gathering or in any legislative, judicial, executive or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

\*   \*   \*   \*   \*   \*

pretation of the statute. Officer Stangel's qualified immunity defense required the jury to resolve a number of factual questions, including the officer's state of mind, *viz.*, whether the officer reasonably believed in good faith that his actions were constitutional.

■ We also note that Judge Peckham, who handled pretrial proceedings, denied both the defendants' motion to dismiss and Stangel's motion for summary judgment. These rulings suggest that Jensen's claims were not without merit. *See Hughes v. Rowe*, 449 U.S. at 15-16, 101 S.Ct. at 178–179. And the jury's verdict against Jensen does not in itself justify an award of attorney's fees to the defendants. "The fact that a plaintiff may ultimately lose his [civil rights] case is not in itself a sufficient justification for the assessment of fees." *Id.* at 14, 101 S.Ct. at 178. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. at 421–22, 98 S.Ct. at 700–01 (cautioning against concluding that because plaintiff did not ultimately prevail, his civil rights action must have been unreasonable or without foundation); *Boatowners and Tenants Ass'n, Inc. v. Port of Seattle*, 716 F.2d 669, 674 (9th Cir.1983). We, therefore, conclude that the claim that Officer Stangel arrested Jensen for violating Cal. Penal Code § 632 without probable cause is not, on its face, frivolous, unreasonable, or without foundation. The award of attorney's fees to Officer Stangel is therefore reversed.

■ Appellee City of San Jose argues that at the very least the claim against the city became frivolous when Jensen failed to discover any evidence that Officer Stangel's conduct reflected city policy or custom. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978) (city not liable for civil rights violations unless conduct of its employees reflects official policy or custom). The Supreme Court has indicated that a plaintiff who continues to litigate a civil rights action after facts revealed by discovery clearly show that his claim is frivolous, unreasonable, or ground-

less may be assessed defendant's attorney's fees. *Christiansburg Garment Co. v. EEOC*, 434 U.S. at 422, 98 S.Ct. at 700. At oral argument, however, the attorney for the city freely admitted that he spent the bulk of his time defending Officer Stangel and an insignificant amount of time defending the city. Furthermore, defense counsel acknowledged that the record contains no information showing how much of the total fees related to the city's defense. He conceded that the city's fee claim would rise or fall with Stangel's claim. Accordingly, we reverse the fee award as to the city as well.

Finally, in his memorandum decision Judge Winner makes immoderate references to what he perceives as a tendency on the part of courts to award excessive fees to public interest lawyers. When it enacted § 1988, Congress intended to promote, not to discourage, vigorous enforcement of federal civil rights laws. *See Christiansburg*, 434 U.S. at 420, 98 S.Ct. at 699. Awards of reasonable compensation to lawyers presenting cases under federal civil rights laws are necessary to further this congressional policy. It should make no difference whether the lawyers are members of public interest or private firms— they are entitled to equal consideration by the court when it awards attorney's fees.

REVERSED.

STEPHENS, Senior District Judge, concurring with reservations:

I concur in all relevant parts of the Opinion, which means that I concur in the whole Opinion except the last paragraph. In my judgment, criticism of the conduct or bias of a trial judge by a panel of three judges of the Court of Appeals should be reserved for instances where the conduct or bias, itself, is responsible for a reversal.

In this case, the trial judge awarded attorney fees to the successful Deputy City Attorney for the City of San Jose and the private practitioner who represented the defendant, a San Jose police officer. The Deputy City Attorney extricated the City

from the litigation through summary judgment and then went on to represent the police officer and to assist the officer's counsel, who had been retained by the San Jose Police Officer's Association. Most of the time spent on the case by the Deputy City Attorney was in defense of the police officer. There was, in fact, no public interest law firm involved, unless it be considered that a Deputy City Attorney and private counsel employed by the Police Officer's Association represented the public interest law firms. While criticizing the trial judge for bias against such law firms and his remarks about judicial awards of overgenerous compensation to them, this court withdrew the generosity of the trial judge by cancelling his award of attorney's fees; an interesting paradox.