806 F.2d 899
 55 USLW 2357
 Paul JENSEN, Plaintiff-Appellant,
v.
CITY OF SAN JOSE and Harry Stangel, individually and as a
police officer, San Jose, Calif.; City of San
Jose, Calif.; Does I through C,
inclusive, Defendants-Appellees.
 No. 83-2473.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 21, 1986.
Decided Dec. 17, 1986.
 
 Thomas J. Ferrito, Los Gatos, Cal., for plaintiff-appellant.
 Joan R. Gallo, City Atty., George Rios, Asst. City Atty., Andrea Bryan Ferguson, Deputy City Atty., San Jose, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before GOODWIN, WALLACE, KENNEDY, ANDERSON, FARRIS, FERGUSON, NELSON, NORRIS, KOZINSKI, NOONAN and THOMPSON, Circuit Judges.
 FARRIS, Circuit Judge:
 
 FACTS
 
 1
 Alleging that he had been arrested and imprisoned without probable cause, Paul Jensen sued the City of San Jose and two City police officers under 42 U.S.C. Sec. 1983. Jensen's suit survived a motion to dismiss, but the district court granted the City summary judgment. The case against one police officer, Harry Stangel, went to trial. The jury found in favor of Stangel. Judgment was entered on the verdict. Jensen did not appeal.
 
 
 2
 Defendants Stangel and the City then filed a motion for attorney's fees under 42 U.S.C. Sec. 1988. The trial court granted fees of $10,934, finding that Jensen's suit had been "frivolous, unreasonable, and without foundation." Jensen appealed the award of fees, and we reversed, holding that Jensen's suit had not been frivolous, unreasonable, or without merit. Jensen v. Stangel, 762 F.2d 815 (9th Cir.1985).
 
 
 3
 Jensen then sought attorney's fees under section 1988 for his successful appeal of the fee award. A three-judge panel of this court granted Jensen fees of $12,835. Jensen v. Stangel, 790 F.2d 721 (9th Cir.1986), (Stephens, J., dissenting). The court, sua sponte, ordered rehearing en banc. Jensen v. Stangel, 795 F.2d 888 (9th Cir.1986). The opinion of the panel is withdrawn. We deny the motion for attorney's fees.
 
 ANALYSIS
 
 4
 Section 1988 provides that in actions brought "to enforce a provision of [42 U.S.C. Sec. 1983], the court in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee." 42 U.S.C. Sec. 1988 (1982). A "prevailing party" under section 1988 means "a party [who] has prevailed on the merits of at least some of his claims." Hanrahan v. Hampton, 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (per curiam). Because Jensen did not succeed on the merits of any of his underlying civil rights claims, he is not a prevailing party under section 1988.
 
 
 5
 Section 1988 is among the few statutory exceptions to the general American rule that litigants bear their own attorney's fees. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Jensen argues that Congress's purpose in enacting section 1988 was so broad as to support a grant of attorney's fees to plaintiffs who merely allege and do not prove violations of civil rights laws. As construed by the Supreme Court and our own decisions, however, the term "prevailing party" in section 1988 cannot be stretched to include plaintiff Jensen. Adopting the language of a First Circuit opinion, the Supreme Court has said that " 'plaintiffs may be considered "prevailing parties" ... if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.' " Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978)). The benefit Jensen says he received on appeal was "relief from the opprobrium of a judicial ruling indicating that he had no legal grounds to pursue his claim against defendants [and from] the harsh penalty of a[n] attorney fee award against him." These are not benefits typically envisioned by a plaintiff when first filing suit.
 
 
 6
 More importantly, however, the "benefits" that Jensen achieved on appeal were not from a civil rights action. The Supreme Court has held that the benefit a party achieves must come from success on the merits of a civil rights claim, not from success on procedural or collateral issues. Hanrahan v. Hampton, 446 U.S. 754, 759, 100 S.Ct. 1987, 1990, 64 L.Ed.2d 670 (1980) (per curiam). We find the rationale of Hanrahan controlling. In Hanrahan, the plaintiffs claimed attorney's fees after a court of appeals reversed a trial court's ruling that had limited discovery. This favorable ruling ensured that plaintiffs would receive a trial on the merits. The Supreme Court held that such "procedural or evidentiary rulings ... were themselves not matters on which a party could 'prevail' ... under Sec. 1988." Hanrahan, 446 U.S. at 759, 100 S.Ct. at 1990. "[O]nly when a party has prevailed on the merits of at least some of his claims ... has there been a determination of the 'substantial rights of the parties,' which Congress determined was a necessary foundation for" granting attorney's fees under section 1988. Hanrahan, 446 U.S. at 758, 100 S.Ct. at 1989. Because the Court of Appeals found that his suit was not frivolous, Jensen argues that his "legal action was vindicated on appeal." Jensen's appeal vindicated not his rights, but his lawsuit. Section 1988 makes fees available for the enforcement of civil rights.
 
 
 7
 The principles of Hanrahan derive from the congressional policies behind section 1988. As the Supreme Court recognized in Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), plaintiffs who succeed on the merits advance Congress's strong purpose of enforcing civil rights laws. Id. at 418, 98 S.Ct. at 698. Moreover, "when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law. ... '[T]hese policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant.' " Id. at 418-19, 98 S.Ct. at 699 (quoting EEOC v. Christiansburg Garment Co., 550 F.2d 949, 951 (4th Cir.1977)).
 
 
 8
 The policy considerations that support the award of fees to a plaintiff who wins on the merits are also absent when a plaintiff loses on the merits. Because Jensen did not win on the merits, he cannot be said to have advanced Congress's intent to enforce the civil rights laws. Moreover, the defendants from whom Jensen seeks fees are not violators of federal law. "[L]iability on the merits and responsibility for fees go hand in hand; where a defendant has not been prevailed against ... Sec. 1988 does not authorize a fee award against that defendant." Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).
 
 
 9
 The statutory scheme for civil rights enforcement deliberately leaves a middle ground where failing claims--non-frivolous and made in good faith--are not entitled to attorney's fees. Because Jensen's claim was not frivolous, he should face no disincentive for having raised it. Because his claim was unsuccessful, however, he should also receive no special incentive. This fulfills Congress's intent "to promote the vigorous enforcement" of civil rights laws without creating "an incentive to the bringing of claims that have little chance of success." Christiansburg, 434 U.S. at 422, 98 S.Ct. at 701. Jensen's appeal stands in the middle ground of this statutory scheme where, as in most American litigation, both plaintiff and defendant bear their own attorney's fees.
 
 
 10
 Our decisions have followed closely the rationale of Christiansburg and Hanrahan. In a case, like Hanrahan, involving an interlocutory victory, we held that a plaintiff was not a prevailing party where he won only the right to a new trial. United States v. 2.61 Acres of Land, 791 F.2d 666 (9th Cir.1985) (per curiam); see also Escobar Ruiz v. I.N.S., 787 F.2d 1294, 1297-98 (9th Cir.1986) (denying attorney's fees on appeal where plaintiff won a remand to an administrative agency with no favorable determination on the merits of his underlying action); NLRB v. Doral Building Services, Inc., 680 F.2d 647 (9th Cir.1982) (denying attorney's fees on appeal where party won a remand to an administrative agency and a favorable evidentiary ruling but no determination on the merits). Where the interlocutory "victory" was an erroneously granted injunction, we denied attorney's fees. Ward v. County of San Diego, 791 F.2d 1329, 1334 (9th Cir.1986).
 
 
 11
 We have upheld the award of attorney's fees under section 1988 only where a plaintiff has prevailed on the merits of one or more civil rights claims. See Planned Parenthood v. Arizona, 789 F.2d 1348 (9th Cir.1986) (granting attorney's fees on appeal where plaintiff won on the merits both in the district court and on appeal). The benefit a plaintiff achieves need not be a final verdict after full trial, but that benefit must still be related to the civil rights claim. See Mantolete v. Bolger, 791 F.2d 784 (9th Cir.1986) (awarding fees on appeal where remand to district court did not decide merits of plaintiff's case but did benefit plaintiff and other handicapped persons by imposing stricter standards for determining qualifications of handicapped job applicants); Fitzharris v. Wolff, 702 F.2d 836 (9th Cir.1983) (upholding trial court's award of fees where plaintiff's suit won an order preventing his transfer to a state prison even though the case was ultimately mooted by plaintiff's parole); American Constitutional Party v. Munro, 650 F.2d 184 (9th Cir.1981) (affirming the denial of attorney's fees where plaintiffs had not shown "some sort of clear, causal relationship between the litigation brought and the practical outcome realized." Id. at 188 (emphasis in original)).
 
 
 12
 Especially relevant to Jensen's case are cases where we awarded attorney's fees on appeals involving challenges to awards of attorney's fees. See In re Nucorp Energy, Inc., 764 F.2d 655 (9th Cir.1985); Southeast Legal Defense Group v. Adams, 657 F.2d 1118 (9th Cir.1981). In both cases the plaintiffs had won on the merits in the trial courts.
 
 
 13
 Our holding here is consistent with the Seventh Circuit's decision in Ekanem v. Health and Hospital Corp., 778 F.2d 1254 (7th Cir.1985). Ekanem dealt with the same issue we face here. In that case, a plaintiff who lost on the merits in the trial court successfully appealed an award of attorney's fees to the defendant. The Seventh Circuit held that "because ... [the plaintiff's] claim failed both at trial and on appeal, he cannot be characterized as a 'prevailing party.' " Ekanem, 778 F.2d at 1258. The ruling that overturned the defendant's fee award was not "the benefit the parties sought in bringing suit." Id. (citing Hanrahan ). Jensen seeks to distinguish Ekanem because the plaintiff's claim there had been dismissed at the outset for failure to state a cause of action. It is a distinction without a difference. A "prevailing party" must prevail on some aspect of a civil rights claim before section 1988 entitles that party to attorney's fees.
 
 
 14
 The motion for attorney's fees is DENIED.
 
 
 15
 NORRIS, Circuit Judge, Concurring in the Judgment:
 
 
 16
 I concur in the judgment because I believe this case is controlled by Hanrahan v. Hampton, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (per curiam).
 
 
 17
 I also wish to express my agreement with the sentiments expressed by Judge Ferguson in the last paragraph of his dissenting opinion concerning the remarks of the district judge.
 
 FERGUSON, Circuit Judge, dissenting:
 
 18
 In this case, the majority correctly begins with the language of 42 U.S.C. Sec. 1988, which governs the award of fees in actions brought under 42 U.S.C. Sec. 1983. However, as the majority proceeds to misread section 1988, misconstrue precedent interpreting section 1988, and misinterpret the congressional policy behind section 1988, I must dissent.
 
 
 19
 Section 1988 requires that a party "prevail" in an "action or proceeding" under any one of a number of civil rights statutes, including section 1983. Plaintiff Jensen has prevailed in a proceeding under section 1983. After suffering entry of a judgment against him that awarded fees to defense attorneys, Jensen successfully appealed the judgment to this court, winning reversal. Jensen v. Stangel, 762 F.2d 815 (9th Cir.1985) (Jensen I). His victory on appeal, overturning the money judgment, made him a prevailing party and allowed him his fees on appeal of the district court's award.
 
 
 20
 It is important to note exactly what type of relief Jensen seeks here. He does not seek an award of fees for services rendered on the merits. He merely seeks an award of fees for the time he spent in overturning an unwarranted judgment against him. Jensen seeks no earth-shattering reversal of the prevailing-party requirement; he seeks only to be compensated for a final decision in a matter upon which he prevailed in a proceeding which involved his civil rights under section 1983.
 
 
 21
 In the most common case under section 1988, a prevailing party is one who has won final judgment on the merits of the underlying cause of action. Not all cases are the most common, however, and Congress contemplated a broader meaning to the expression prevailing party. "The phrase 'prevailing party' is not intended to be limited to the victor only after entry of a final judgment on the merits." H.Rep. No. 1558, 94th Cong., 2d Sess. 7. The House Report suggests a number of situations in which the award of fees without final judgment on the merits would be proper. Those situations include suits resolved by consent decree and the awards of fees pendente lite where "substantial rights of the parties" have been determined. Id. at 8 (quoting Bradley v. Richmond School Board, 416 U.S. 696, 722 n. 18, 94 S.Ct. 2006, 2018, n. 18, 40 L.Ed.2d 476 (1974)).
 
 
 22
 Neither the House nor the Senate Reports accompanying the Act expressly discussed the award of attorney's fees on a plaintiff's successful appeal of an award of fees to defendant. Nevertheless, both reports reject a facile association of "prevailing party" with "party obtaining final judgment on the merits." See id. at 7-8; S.Rep. No. 1011, 94th Cong., 2d Sess. 5, reprinted in 1976 U.S.Code Cong. & Admin.News 5908, 5912-13. There is no evidence that Congress intended to disallow fees to a party who has overturned a judgment of fees against him.
 
 
 23
 There is a wealth of evidence, however, that Congress intended section 1988 to have broad application to vindicate civil rights, and thus intended a broad definition of prevailing parties. "In the civil rights area, Congress has instructed the courts to use the broadest and most effective remedies available to achieve the goals of our civil rights laws." S.Rep. at 3, 1976 U.S.Code Cong. & Admin.News at 5910-11. The Ninth Circuit has recognized and accepted this broad mandate. "Congress' purpose in authorizing fee awards was to encourage compliance with and enforcement of the civil rights laws. The Fees Awards Act must be liberally construed to achieve these ends." Dennis v. Chang, 611 F.2d 1302, 1306 (9th Cir.1980). The application of the purposes of the Act warrants the award of fees to plaintiff Jensen, who prevailed against the judgment of attorney's fees.
 
 
 24
 The majority apparently believes that Jensen's status as a prevailing party is disposed of by Hanrahan v. Hampton, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (per curiam), which held that awards of fees may not be made pendente lite unless a party has prevailed upon some of his claims. Id. at 758, 100 S.Ct. at 1989. Jensen is, in contrast to the plaintiffs in Hanrahan, the final prevailing party upon appeal of the issue of attorney's fees. This court overturned a final judgment against Jensen. This issue is not an interim one in the case; the panel's decision ends the instant litigation. No award of fees pendente lite is suggested in the case at bar, and Hanrahan is inapposite.[1]
 
 
 25
 Even were the award of fees analogous to a "procedural" or "evidentiary" ruling, such rulings give rise to attorney's fees if they finally resolve the substantial rights of parties. For example, a prevailing defendant might be awarded fees upon a procedural dismissal of a case, if the case were brought frivolously and vexatiously. In Sotomura v. County of Hawaii, 679 F.2d 152 (9th Cir.1982) (per curiam), the panel granted plaintiffs fees for services on appeal when defendant's case was dismissed as untimely. The court's ruling was on a procedural issue, but the ruling "was not interlocutory but final and, in effect, conclusively determined the 'substantial rights of the parties.' " Id. at 153 (quoting Hanrahan, 446 U.S. at 757, 100 S.Ct. at 1989). The hallmark of legitimacy in an award of fees is the final resolution of substantial rights of the parties, and not the characterization of a proceeding as "collateral" or "on the merits." The substantial right that Jensen won was the final decision which declared that the judgment against him was erroneous.
 
 
 26
 The majority relies on the definition of "prevailing party" found in Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983): "[P]laintiffs may be considered 'prevailing parties' for purposes of attorney's fees if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." This formulation does not help Jensen's cause, since the overturning of fees against him is a benefit, but not one he sought in bringing suit. The Hensley Court, however, recognized that this formulation is only a "typical" one, and that "[t]he standard for making this threshold determination has been framed in various ways." Id. The Court is thus open to different formulations of prevailing-party status where differing circumstances require it. Here, where Jensen has prevailed on the issue of fees and achieved a final order, he should be considered a prevailing party.
 
 
 27
 This circuit has recognized the diverse ways in which a party may prevail. See Mantolete v. Bolger, 791 F.2d 784, 785 (9th Cir.1986) (not judgment on the merits but "direct benefits"); Lummi Indian Tribe v. Oltman, 720 F.2d 1124, 1125 (9th Cir.1983) (not judgment on the merits but favorable settlement); Fitzharris v. Wolff, 702 F.2d 836, 838 (9th Cir.1983) (not judgment on the merits but temporary restraining order). Only recently this court reaffirmed that "[p]laintiffs need not obtain formal relief in order to enjoy prevailing party status." Clark v. City of Los Angeles, 803 F.2d 987, 989 (9th Cir.1986) (Judge Canby, writing for a panel including Judges Wallace and Farris). The majority accepts our decision in these lines of cases, see maj. op. at 901-02, yet still insists that "[w]e have upheld the award of fees under section 1988 only when a plaintiff has prevailed on the merits of one or more civil rights claims." Maj. op. at 901. The majority thus creates an untenable dichotomy within a single paragraph. In any event, here, where Jensen has finally prevailed on the judgment of fees against him, section 1988 clearly applies.
 
 
 28
 The majority opinion also stands in conflict with our recently announced opinion in Smiddy v. Varney, 803 F.2d 1469 (9th Cir.1986) (Smiddy II) (per Judge Goodwin). In Smiddy II, the court remanded a section 1983 claim to the district court for an apportionment of damages between immune nonparties and nonimmune defendants. Smiddy II, at 1473. The court found that defendant City of Los Angeles "is entitled to recover its costs and attorneys' fees in this court on its successful appeals." Id. at 1473. This award was presumably based on section 1988 and thus that the defendants were the prevailing party on appeal.[2] Yet the City of Los Angeles lost on the merits; its two police officers were found liable under section 1983. See Smiddy v. Varney, 665 F.2d 261, 268 (9th Cir.1981) (Smiddy I), cert. denied, 459 U.S. 829, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982). Nothing in Smiddy II changed that result; the court only remanded to determine the correct amount of damages. The court nonetheless granted an award of fees to the city on the appeal. Surely if an award may be justified in the procedural appeal in Smiddy II, where defendants lost on the merits, an award is justified in Jensen, when plaintiff finally prevailed over a judgment of fees against him. If Smiddy II and the majority opinion here may be harmonized, it cannot be on the doctrine espoused by the majority but on the majority's misconception of the intent of Congress toward civil rights plaintiffs.
 
 
 29
 The majority opinion betrays its essential misconception of the issue at hand when it asserts that Jensen's claim falls in a "middle ground" where fees cannot be recovered. Maj. op. at 901. This middle ground comprises the claims of civil rights plaintiffs that do not prevail, yet that are not frivolous, so that attorney fee judgments may not be awarded against them. Jensen's claim on the merits of this suit indeed did not warrant a recovery of fees, as we decided earlier in Jensen I. The issue at hand, however, is not Jensen's claim on the merits of section 1983, but his victory on appeal overturning the judgment of fees against him in that action. That victory permits an award of fees to him under section 1988.
 
 
 30
 The issue in this case finally resolves to one of policy. The policy favoring nonfrivolous suits by victims of discrimination, the driving policy behind the Fees Act, urges the conclusion of the original panel.
 
 
 31
 The majority's countervailing policy argument is absurd. See maj. op. at 901. The majority suggests that an award of fees here might serve as a "special incentive" to a plaintiff with an unmeritorious claim. The majority's formulation suggests that plaintiffs would be encouraged to file unmeritorious claims by the magnificent bounty of fee awards to overturn fees granted against them. This argument is unworthy of the panel.
 
 
 32
 The court must consider the congressional policy in favor of civil rights suits, and the impact of a decision against Jensen on such suits. If Jensen is forced to bear his own attorney's fees on appeal of the unwarranted award to defendants by the trial court, civil rights suits will be discouraged. Every time potential civil rights litigants wish to file a suit, they will be deterred by the knowledge that an unauthorized award of fees against them may be overturned only at their cost.
 
 
 33
 This is exactly the effect intended by the district court. Even though the district judge was evaluating a motion for fees by defendant, he engaged in a lengthy discourse regarding "hungry lawyers" who "desire to act as the conscience of the general population." The district judge commented disparagingly about such civil rights attorneys, about Congress for allowing the recovery of fees, and even about the Supreme Court for punishing "run-of-the-mill lawyers motivated by a desire to earn a living" while allowing civil rights attorneys to solicit clients. The district judge's distaste was obvious. Civil rights plaintiffs should not be at peril in overturning such awards.
 
 
 
 [1]
 It is disturbing to note that the majority cites Hanrahan for the proposition that fees may not be awarded in a "collateral" matter. Maj. op. at 900. Hanrahan forbids the award of fees in appeals of "procedural or evidentiary rulings" that do not determine the substantial rights of the parties. Here, however, the issue is neither procedural nor evidentiary. Jensen has won final judgment on the award of fees to the defendant, and Hanrahan clearly is inapposite
 
 
 [2]
 I note that the panel in Smiddy II ignores the rule that fees may be awarded against plaintiffs only when their claims (or, as in Smiddy II, their appeals) are "frivolous, unreasonable, or without foundation." See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978); Mayer v. Wedgewood Neighborhood Coalition, 707 F.2d 1020, 1021 (9th Cir.1983) (per curiam)