96 F.3d 1451
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold E. SMITH, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; Harold Moberly; Kerell Broussard,
Defendants-Appellees.
 No. 95-55226.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1996.
Decided Sep. 4, 1996.
 
 Before: D.W. NELSON, T.G. NELSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Harold Smith seeks reversal of the district court's grant of judgment as a matter of law in favor of defendants in his 42 U.S.C. § 1983 claim. Smith alleged in his complaint that Los Angeles Police Department ("LAPD") officers used excessive force when they arrested him on July 26, 1990. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we reverse. Because the parties are familiar with the procedural background and both plaintiff's and defendants' versions of the facts, we do not repeat them here.
 
 
 3
 Government officials are entitled to qualified immunity unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Alexander v. City and Cty. of San Francisco, 29 F.3d 1355, 1363 (9th Cir.1994), cert. denied, 115 S.Ct. 735 (1995), (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1992)). The district court found that Broussard and Moberly were entitled to qualified immunity because: 1) there was no clearly established law prohibiting the use of police dogs to seize concealed suspects; and 2) the defendants' actions were reasonable as a matter of law. The district court erred because the alleged conduct of the defendants violated clearly established law and because Smith presented substantial evidence at trial from which a reasonable jury could conclude that the defendants used excessive force.
 
 A. Clearly Established Law
 
 4
 The right at issue in this case is the Fourth Amendment right to be free from excessive use of force by law enforcement officers. See Graham v. Connor, 490 U.S. 386, 394 (1989). In Mendoza v. Block, 27 F.3d 1357, 1362 (9th Cir.1994), the Ninth Circuit explicitly held that an officer's use of a police dog in 1988 could constitute excessive force in violation of clearly established law. Thus, the right that the defendants allegedly violated in this case was clearly established under Ninth Circuit law.
 
 
 5
 The district court's reliance upon Chew v. Gates, 27 F.3d 1432 (9th Cir.1994), cert. denied, 115 S.Ct. 1097 (1995) to find that the alleged conduct of the defendants did not violate clearly established law is erroneous. Although the court in Chew held that the district court had properly granted summary judgment on the grounds of qualified immunity with respect to the officers who were allegedly responsible for promulgating the policy of using police dogs, id. at 1446-47, it did not find that the officer who was alleged to have used excessive force by actually using the police dog was entitled to qualified immunity. Rather, the court remanded with respect to this officer to allow a jury to address the factual question of whether the officer had acted unreasonably. Id. at 1441.
 
 
 6
 B. Reasonableness of Force Used to Arrest Smith
 
 
 7
 In reaching the conclusion that the defendants in this case acted reasonably as a matter of law, the district court improperly usurped the role of the jury by weighing evidence and evaluating the credibility of witnesses instead of making all inferences in favor of Smith. See Hopkins v. Andaya, 958 F.2d 881, 885 (9th Cir.1992); Peterson v. Kennedy, 771 F.2d 1244, 1256 (9th Cir.1985). Far from leading to only one reasonable conclusion that the officers acted reasonably, substantial evidence presented by Smith, as well as inconsistencies in the evidence presented by the defendants create genuine issues of material fact that should be resolved by a jury. We therefore reverse and remand for a jury trial. We decline to award attorney's fees to Smith as a prevailing party pursuant to 42 U.S.C. § 1988 because Smith has not yet "achieve[d] [any] of the benefit [he] sought in bringing the suit." See Jensen v. City of San Jose, 806 F.2d 899, 900 (9th Cir.1986).
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3