**Jane M. SONGER, Plaintiff—Appellant,**

v.

**ST. HELENA UNIFIED SCHOOL DISTRICT, et al., Defendants—Appellees.**

No. 01–16369.

D.C. No. CV–94–00648–WHO/EDL.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2002.*.

Decided Aug. 22, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before HUG, FERGUSON and WARDLAW, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM **

Jane M. Songer appeals from the district court's order granting attorneys' fees and costs to St. Helena Unified School District. We have jurisdiction under 28 U.S.C. § 1291, and we reverse the district court's award of attorneys' fees and remand the award of costs to be recalculated based on Songer's free speech and free association claims only.

A district court's decision to award attorneys' fees under § 1983 is reviewed for abuse of discretion. *Brooks v. Cook*, 938 F.2d 1048, 1055 (9th Cir.1991); *see Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). However, legal conclusions regarding the award of attorneys' fees are reviewed *de novo*, *see Gilbrook v. City of Westminster*, 177 F.3d 839, 875 (9th Cir.1999), and factual findings for clear error. *Corder v. Gates*, 947 F.2d 374, 377 (9th Cir.1991).

A court may award reasonable fees to the prevailing party under § 1983. 42 U.S.C. § 1988(b). However, to give meaningful effect to the private civil rights enforcement scheme in Title VII, fees may be awarded to a prevailing defendant in a Title VII case only when an action is unreasonable, frivolous, meritless, or vexatious. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Brooks*, 938 F.2d at 1055. Attorneys' fees are not awarded as a matter of course to prevailing defendants, *Brooks*, 938 F.2d at 1054, and should only be awarded to defendants under exceptional circumstances in civil rights claims. *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir.1990).

■ We have held that a denial of a motion to dismiss or a motion for summary

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

judgment suggests that a plaintiff's claim are not without merit. *See Jensen v. Stangel,* 762 F.2d 815, 818 (9th Cir.1985). In this case, the district court partially denied the defendants' first two motions to dismiss and motion for summary judgment, holding that Songer's claims "sufficiently allege" a violation of her First Amendment rights. Therefore, as in *Jensen,* it was not unreasonable for Songer to rely on the district court's rulings to believe that she had a cognizable claim. *See* 762 F.2d at 818.

Furthermore, Songer submitted statements from two other teachers which indicated that Songer was moved because her supervisor believed that she and her co-teacher were engaged in a homosexual relationship. Based on these statements, it cannot be said that Songer's initiation or continuation of this action was without foundation, frivolous or unreasonable. *See Figures v. Bd. of Pub. Utils. of the City of Kan. City, Kan.,* 967 F.2d 357, 362 (10th Cir.1992). Thus, the district court abused its discretion in awarding attorneys' fees against Songer. *See Christiansburg,* 434 U.S. at 422.

■ A prevailing party is entitled to costs unless the court rules otherwise. *Barry v. Fowler,* 902 F.2d 770, 773 (9th Cir.1990). "Whether or not to award costs is a decision made by the trial judge and his decision will not be overturned unless he has abused his discretion." *Id.* (internal quotation marks omitted). The district court may deny costs if the defendants are guilty of some misconduct sufficient to justify such a denial. *Ass'n of Mexican–Am. Educators v. State of Cal.,* 231 F.3d 572, 593 (9th Cir.2000). There was no misconduct on the part of the defendants to justify a denial of costs in this case. Thus, the district court did not abuse its discretion in awarding costs to the defendants.

Nonetheless, we note that the parties stipulated that Songer's property and liberty claims would not serve as a basis for a cost award. The costs awarded by the district court failed to segregate these claims, as to which costs were not properly awarded, from the free speech and free association claims. We therefore remand the award of costs for recalculation on the basis of the free speech and free association claims only.

**REVERSED and REMANDED.**