MEMORANDUM **
1. The district court did not abuse its discretion in granting a new trial on Plaintiffs claims against University Medical Center (“UMC”). It was not unreasonable for the district court to find $250,000 in compensatory damages for retaliation to be against the clear weight of the evidence presented at trial. See Oltz v. St. Peter’s Cmty. Hosp., 861 F.2d 1440, 1452 (9th Cir.1988).
2. No reasonable jury could find, based on the evidence presented, that Plaintiff met her burden of demonstrating that UMC’s proffered, non-retaliatory reasons for her transfer were pretextual. See Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464-65 (9th Cir.1994). We therefore affirm the district court’s grant of judgment as a matter of law on Plaintiffs retaliation claim.
3. Anthony preserved his qualified immunity defense by raising it in a pre-trial motion for summary judgment, which the district court denied because genuine issues of material fact remained. A court *288 “must postpone the qualified immunity determination” where, as here, “there is a genuine dispute as to ... ‘what the [defendant] ... did,’ ” Sloman v. Tadlock, 21 F.3d 1462, 1467 (9th Cir.1994) (quoting Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir.1993)), and may reconsider the motion for summary judgment at any time. See Dessar v. Bank of Am. Nat’l Trust and Sav. Ass’n, 353 F.2d 468, 470 (9th Cir.1965).
Taken in the light most favorable to Plaintiff, the facts alleged fail to show that Anthony’s conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), overruled on other grounds by Pearson v. Callahan, — U.S. -, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); see also Vasquez v. County of Los Angeles, 349 F.3d 634, 642-44 (9th Cir.2003); Kortan v. Cal. Youth Auth., 217 F.3d 1104, 1109-11 (9th Cir. 2000). We therefore affirm the district court’s grant of Anthony’s motion for summary judgment based on qualified immunity. See Kennedy v. City of Ridgefield, 439 F.3d 1055, 1060 (9th Cir.2006); Rudebusch v. Hughes, 313 F.3d 506, 514 (9th Cir. 2002). In light of this holding, we need not address whether the award of punitive damages was excessive.
4. We also affirm the district court’s grant of summary judgment on Plaintiffs hostile work environment claim against UMC based on the Faragher/Ellerth affirmative defense to vicarious liability. There is no genuine dispute that UMC “ ‘exercised reasonable care to prevent and correct promptly any sexually harassing behavior’ ” by promulgating and distributing a harassment policy with a “ ‘sensible complaint procedure.’ ” Montero v. AGCO Corp., 192 F.3d 856, 861-64 (9th Cir.1999) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 807, 809, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998)). Nor can there be any genuine dispute that Plaintiff “unreasonably failed to take advantage of any preventive or corrective opportunities provided by [UMC] or to avoid harm otherwise” by failing to report the alleged discrimination to the EOD as mandated by UMC’s policy. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); see also Kohler v. Inter-Tel Techs., 244 F.3d 1167, 1181-82 (9th Cir.2001).
5. Because we affirm the district court’s entry of judgment for UMC and Anthony, we need not reach Plaintiffs request for reassignment to a different district judge on remand.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.