**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAAFAT MOHAMMADKHANI, | No. 11-15938 |
| Plaintiff-Appellant, | D.C. No. 2:07-cv-00095-KJD-LRL |
| RANDY RUMPH, | |
| Appellant, | MEMORANDUM[*] |
| v. | |
| JAMES ANTHONY, et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent Dawson, District Judge, Presiding

Argued and Submitted February 15, 2013
San Francisco, California

Before: FARRIS and N.R. SMITH, Circuit Judges, and BURGESS, District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Timothy M. Burgess, District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

Appellant Raafat Mohammadkhani and her attorney, Randy Rumph, appeal the district court's order awarding costs and attorney's fees against Mohammadkhani, and sanctioning Rumph by holding him jointly and severally liable for the award. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion both the district court's award of fees, *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1059 (9th Cir. 2006), and its imposition of sanctions, *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999).

We are unable to determine whether the district court acted within its discretion in awarding fees against Mohammadkhani because the court did not clearly identify the legal and factual bases for the award. In civil rights cases, a district court may award attorney's fees to a prevailing defendant only in exceptional circumstances where the plaintiff's claims are frivolous, unreasonable, or groundless. *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 418-22 (1978); *Harris v. Maricopa Cnty. Super. Ct.*, 631 F.3d 963, 971 (9th Cir. 2011). A claim is not frivolous in this context merely because the plaintiff did not prevail. *Christiansburg*, 434 U.S. at 421-22. The more carefully a court must examine a claim to establish its legal insufficiency, the less likely it is that the claim is frivolous. *See Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980). Consequently, a court's inability to determine that an action may be dismissed prior to trial, such as where

2

a plaintiff survives a motion for summary judgment, suggests that the plaintiff's claim is not frivolous. *See Sanchez v. City of Santa Ana*, 936 F.2d 1029, 1041 (9th Cir. 1990); *Jensen v. Stangel*, 762 F.2d 815, 818 (9th Cir. 1985).

Here, the district court found that Mohammadkhani's claims were frivolous based on the Ninth Circuit's affirmation of the district court's entry of judgment in favor of the defendants. *See Mohammadkhani v. Anthony*, 347 F. App'x 286 (9th Cir. 2009). However, the district court disposed of Mohammadkhani's claims only with the benefit of an entire trial record, and only after she survived several dispositive motions and obtained a jury verdict in her favor. Under these circumstances, the district court's reliance on the fact that Mohammadkhani did not prevail is insufficient to establish that her claims were frivolous.

The district court provided several other reasons for its award; however, the additional reasons implicate sanctionable conduct, rather than frivolous claims. To the extent the district court intended to sanction Mohammadkhani for her misconduct during the litigation, it failed to state this intent or identify the legal basis for the sanctions. Because the district court did not clearly indicate how it exercised its discretion in awarding fees against Mohammadkhani, we remand for further explanation. *See Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998).

The district court similarly failed to explain its decision to hold Rumph jointly and severally liable for the award. The applicable fee shifting statutes authorize attorney's fees only against parties, not counsel. *See* 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 1988(b). Accordingly, the district court's decision to hold Rumph responsible for the award constitutes a sanction. Our review of an order sanctioning an attorney focuses on "whether each of the [district court's] factual bases supports the imposition of sanctions under the legal authorities cited by the district court." *Yagman v. Republic Ins.*, 987 F.2d 622, 627 (9th Cir. 1993). Here, the district court sanctioned Rumph without mentioning sanctions and without citing legal authority. Consequently, we vacate the order and remand for an explanation of the legal and factual bases for district court's order.

Mohammadkhani and Rumph request that this matter be reassigned to a new judge on remand. Because the asserted reasons for the request are unsupported by the record, their request is denied.

**VACATED AND REMANDED.**