823 F.2d 818
 1987-1 Trade Cases 67,643
 SUN PUBLISHING COMPANY, INC., t/a The Sun, Appellant,
v.
MECKLENBURG NEWS, INC., t/a The News-Progress, a Virginia
corporation; Keith A. Shelton; Douglas E.
Loftis, Jr.; Halifax Gazette Publishing
Co., Inc., Appellees,
and
The South Hill Publishing Co., Incorporated, t/a The South
Hill Enterprise, a Virginia corporation; Frank L. Nanney,
Jr.; Harry J. Nanney; Tucker W. McLaughlin; South Boston
News, Inc., Defendants.
 No. 86-2538.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 3, 1987.
Decided July 20, 1987.
 
 Alan W. Clarke (Clarke & Clarke, Kilmarnock, Va., on brief), for appellant.
 Franklin M. Slayton (Slayton, Bennett & Rand, P.C., South Boston, Va., on brief), for appellees.
 Before RUSSELL, and CHAPMAN, Circuit Judges, and KISER, United States District Judge, sitting by designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 Sun Publishing Company, Inc. appeals from the district court's denial of its second supplemental petition for attorneys' fees. Sun Publishing contends that because the district court denied its petition without a detailed analysis, the case must be remanded to the district court for an explanation. Because we hold that a request for attorneys' fees, which is so exorbitant as to shock the conscience of the court, may be denied without an analysis of the factors enunciated by this court in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir.1978), the decision of the district court is affirmed.
 
 I.
 
 2
 Two small town publishing businesses, Sun Publishing and Mecklenburg News, Inc. became embroiled in a law suit. At trial of antitrust claims and counterclaims, the details of which are irrelevant to the narrow issue on appeal, the jury found for Sun Publishing on all liability issues and returned a verdict of $158,000 for violation of the Sherman Act. Damages were trebled to $474,000, but later reduced by remittitur to $87,284.61, plus interest, costs and attorneys' fees. An award of attorneys' fees is mandated under Sec. 4 of the Clayton Act, 15 U.S.C.A. Sec. 15(a) (Supp.1987).
 
 
 3
 Subsequently, attorneys' fee litigation took place. The attorneys for Sun Publishing petitioned for a fee of $491,894.38 plus costs of $23,806.14. This was supplemented by a second fee petition seeking $21,815 for time spent in preparation of the initial fee petition. The district court awarded Sun Publishing attorneys' fees on the initial fee petition of $279,850.68 and attorneys' fees on the supplemental petition for time spent preparing and prosecuting the fee petition of $18,517.94, plus costs and interest. Sun Publishing Co. v. Mecklenburg News, Inc., 594 F.Supp. 1512, 1525 (E.D.Va.1984).
 
 
 4
 Mecklenburg sought to reduce the attorneys' fee award based upon its inability to pay and the danger of bankruptcy. After a two and one-half hour hearing, the district judge rejected this challenge.[1] Subsequently, Sun Publishing's lawyers filed their second supplemental petition for attorneys' fees together with an array of supporting affidavits outlining attorney time, hourly rates, and other assorted costs. In this motion, Sun Publishing requested an additional $41,826.21 in attorneys' fees allegedly incurred as a result of its opposition to Mecklenburg's petition to reduce the original award of attorneys' fees because of its claim of inability to pay.
 
 
 5
 With its order denying Sun Publishing's petition for additional attorneys fees, the district court sent a letter to the attorneys stating that it would not award additional fees. The court pointed out that attorneys fees over $200,000 in excess of the judgment had already been awarded, that the second supplemental petition was "unconscionable" and it declined, absent direction from this court, to award additional attorneys fees.
 
 II.
 
 6
 Sun Publishing argues that the district court erred by failing to support its decision to deny attorneys' fees with a memorandum opinion discussing the 12 factors outlined in Barber v. Kimbrell's, Inc., that the order of the district court should be reversed, and that the matter be remanded to the district court for a reconsideration of Sun Publishing's motion. In Barber, this court adopted the reasoning of the Fifth Circuit expressed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974) that twelve factors relevant to the determination of reasonable attorneys' fees should be considered by a district court before it rendered an award of attorneys' fees. Although a Johnson analysis might have been helpful here, under the circumstances, we deem such an analysis unnecessary. In the case at hand, Sun Publishing has already been awarded approximately $300,000 in attorneys fees.[2]
 
 
 7
 The plaintiff's attorneys' second supplemental fee petition is so unreasonable and exorbitant that it shocks the conscience of this court as it did the conscience of the district judge. The record indicates that as many as six lawyers from three different firms billed significant amounts of time in preparing for the short hearing on a simple issue. The time spent ranged from four hours spent by one attorney in proofreading another attorney's work to 138.5 hours expended during approximately a one month period by another attorney. The idea that one associate from Milbank, Tweed, Hadley and McCloy billed a month's time on this simple motion is frankly unbelievable. It defies reason that a partner of such firm, would spend eleven hours at $245 per hour on the simple matter of the district court's review of a previous bill assessment. If these attorneys did in fact spend the hours they now claim, such time was unreasonable and not justified by the one simple issue presented.
 
 
 8
 This fee dispute is not governed by City of Riverside v. Rivera, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) although the attorneys' fees already paid exceed the amount of the damage award by a sizeable amount. The time spent by the attorneys in Rivera was found to be both necessary and reasonable, but in the present appeal the time and services claims in the attorneys' second supplemental petition for fees was found to be "unconscionable" by the judge who tried the case and awarded the original fee and the first supplemental fee. Also, Rivera appears to apply only to civil rights cases, and its object is to encourage able attorneys to represent meritorious civil rights claimants with relatively small potential damage claims.
 
 
 9
 In a fee petition such as this, where a petition for fees is so exorbitant and unreasonable as to shock the conscience of the court, it is unnecessary for the district court to use a Barber v. Kimbrell's analysis. The evidence in the record is more than sufficient to support the district court's conclusion that Sun Publishing by and through its attorneys[3] has overstepped the bounds of reason and conscience in their third request for fees. It is the responsibility of counsel to provide only necessary services to their clients. Although counsel in this case undoubtedly did an excellent job in their representation of the client in the litigation, the courts will not force parties to pay exorbitant fees unnecessarily incurred by the prevailing party.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Mecklenberg sold a lot and the building occupied by its offices and printing business for $400,000.00, which it used to pay the judgment and fees, but it was left with a debt of $605,000.00 directly attributable to the litigation
 
 
 [2]
 By remanding to the district court, we would create a situation in which Sun Publishing would undoubtedly return yet again with another petition seeking attorneys' fees for having prevailed in the present appeal
 
 
 [3]
 Alan W. Clark is the attorney who argued this appeal, and neither he nor his firm was involved in the trial or in the fee petitions