852 F.2d 762
 Henry Z. SPELL, Appellee,
v.
Charles D. McDANIEL, Individually and as Patrolman, City of
Fayetteville Police Department, Appellant,
and
William P. Dalton, Command Sergeant, City of Fayetteville
Police Department; Roger T. Holman, Command Sergeant, City
of Fayetteville Police Department; William C. Johnson,
Director of Internal Affairs Division, City of Fayetteville
Police Department; Daniel K. Dixon, Chief, City of
Fayetteville Police Department; John P. Smith, City
Manager, City of Fayetteville and the City of Fayetteville,
N.C., a municipal corporation organized under and pursuant
to the laws of the State of N.C., Defendants.
Henry Z. SPELL, Appellee,
v.
Charles D. McDANIEL, Individually and as Patrolman, City of
Fayetteville Police Department, and John P. Smith,
City Manager, City of Fayetteville, Defendants,
and
William P. Dalton, Command Sergeant, City of Fayetteville
Police Department; Roger T. Holman, Command Sergeant, City
of Fayetteville Police Department; William C. Johnson,
Director of Internal Affairs Division, City of Fayetteville
Police Department; Daniel K. Dixon, Chief, City of
Fayetteville Police Department; and the City of
Fayetteville, N.C., a municipal corporation organized under
and pursuant to the laws of the State of N.C., Appellants.
(Three Cases)
Henry Z. SPELL, Appellee,
v.
Charles D. McDANIEL, Individually, Appellant,
and
Charles D. McDaniel, Patrolman, City of Fayetteville Police
Department; William P. Dalton, Command Sergeant, City of
Fayetteville Police Department; Roger T. Holman, Command
Sergeant, City of Fayetteville Police Department; William
C. Johnson, Director of Internal Affairs Division, City of
Fayetteville Police Department; Daniel K. Dixon, Chief,
City of Fayetteville Police Department; John P. Smith, City
Manager, City of Fayetteville and the City of Fayetteville,
N.C., a municipal corporation organized under and pursuant
to the laws of the State of N.C., Defendants.
 Nos. 85-1523, 85-1524, 85-1691, 85-1714 and 85-1757.
 United States Court of Appeals,
Fourth Circuit.
 July 26, 1988.
 
 Before PHILLIPS, CHAPMAN and WILKINSON, Circuit Judges.
 ORDER
 PER CURIAM:
 
 
 1
 Henry Z. Spell, a successful civil rights plaintiff in a suit brought against Patrolman Charles McDaniel and the City of Fayetteville, North Carolina, see Spell v. McDaniel, 824 F.2d 1380 (4th Cir.1987), is again before this court on a motion for attorney's fees under 42 U.S.C. Sec. 1988 for services performed in connection with the appeal and subsequent response to the appellant's petition for writ of certiorari. Plaintiff also seeks attorney's fees for time spent by his attorneys in preparing the present fee petition. Plaintiff seeks reimbursement of the amount he has already substantially paid his seven appellate counsel, five of whom joined the case post-trial, under a contractual fee agreement whereby counsel charged Spell for 1,886.1 hours of attorney time at rates varying from $80 to $150 per hour with an additional "contingency multiplier" of 1.5 applied to 1,362.3 of these hours and a bonus for winning of $15,000 resulting in a total attorney's fee of $383,236.25. In addition, plaintiff seeks from defendants the $5,482 he was charged for 98.2 hours attributed by his counsel to paralegal services, over $8,000 in costs and expenses, compensation for delay, and interest on the fee award. These sums are in addition to the $224,758.50 in attorney's fees and costs already awarded plaintiff in connection with the trial. We find that the amounts charged to Spell by his multiple appellate counsel represent a vast duplication of endeavors already performed at the trial level, a substantial degree of duplication and overkill in connection with the post-trial proceedings, an unconscionable exercise of billing judgment as to the reasonable number of hours expended and ultimately charged to plaintiff Spell, and an affront to the very purposes of the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. Sec. 1988. For these reasons, and as discussed more fully below, we award plaintiff the sum of $80,295.69 which we find represents a "reasonable" attorney's fee, expenses and adjustment for delay as contemplated by Sec. 1988.
 
 
 2
 * Plaintiff Spell brought the underlying Sec. 1983 action against the defendant police officers and the City of Fayetteville, North Carolina, in 1984. After two jury trials, compensatory damages of $900,000 were awarded to plaintiff. Subsequently the district court awarded attorney's fees and costs for plaintiff's trial counsel, Gerald Beaver and William Richardson of the Fayetteville law firm of Beaver, Thompson, Holt & Richardson, P.A., in the amount of $335,942.57. The district court arrived at this figure by enhancing the reasonable lodestar figure of $224,758.50 by a 1.5 contingency multiplier. See Spell v. McDaniel, 616 F.Supp. 1069, 1107-10 (E.D.N.C.1985). The defendants appealed contesting both the fee award and the imposition of liability against them under 42 U.S.C. Sec. 1983.
 
 
 3
 Plaintiff's trial counsel, Gerald Beaver, by affidavit in support of the present petition, states that as of May 1985 his four-member law firm was no longer able to shoulder the financial burden of representing Spell on the contingency basis which Spell's financial condition necessitated. Beaver and Richardson therefore took on a substantial additional case load and sought alternative or associate counsel to represent Spell on appeal. Beaver states that informal discussions with attorneys between the ages of 35 and 45 at several similarly small North Carolina law firms led him to believe that all such firms shared the same predicament as did his firm. He states further that he believed it unnecessary to contact larger firms because in his "personal experience" such firms "seldom, if ever, ... take contingent work."
 
 
 4
 In September 1985, Beaver came in contact with Alfred Bryant, then of the seven-member Richmond, Virginia, firm of Obenshain, Hinnant, Ellyson, Runkle & Bryant (Obenshain), who after some discussion with his partners and with Beaver, agreed to represent Spell on appeal, and ultimately in subsequent proceedings, in association with Beaver and Richardson on a contingency basis. Bryant and Beaver agreed that the only way their representation could go forward given the size of their firms, and the limited time until the appellant's brief was due, January 21, 1986, was if Spell agreed, by written contract, to compensate Bryant and all Obenshain attorneys who worked on Spell's case at a base hourly rate of $150 with an additional contingency multiplier of 1.5 resulting in a total hourly rate of $225. By the terms of this same contract Beaver and Richardson were to be compensated at base hourly rates of $125 again enhanced by 1.5 to reach a total hourly rate of $187.50. In addition, Spell must separately reimburse counsel for paralegal services and out-of-pocket costs. Spell, then currently an inmate in state prison, signed this contract, and its enforceability is not in issue.
 
 
 5
 On appeal, this court affirmed the verdict for Spell on the merits. See 824 F.2d 1380, 1405. The district court's fee award was affirmed as to expenses and the $224,758.50 lodestar but vacated and remanded as to the application of the contingency multiplier in light of the Supreme Court's intervening decision in Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, --- U.S. ----, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), and our determination that an enhancement for contingency was not necessary to attract competent trial counsel to represent plaintiffs such as Spell in this type of litigation. 824 F.2d at 1404-05.
 
 
 6
 The defendants then petitioned the Supreme Court for certiorari, which petition was denied on January 19, 1988. On January 20, 1988, the judgment, then totalling roughly $1,235,000 including interest, which had been stayed by this court pending the Supreme Court's action on the certiorari petition, was released from bond. At this time Spell made full payment on the bills submitted to him by counsel for which he now seeks full reimbursement from defendants through the exercise of this court's discretion under Sec. 1988.
 
 II
 
 7
 The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. Sec. 1988, provides that in federal civil rights actions such as the underlying action brought pursuant to 42 U.S.C. Sec. 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." "The purpose of Sec. 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances. H.R.Rep. No. 94-1558, p. 1 (1976). Accordingly, a prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' " Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983) (citing S.Rep. No. 94-1011, p. 4 (1976), U.S.Code Cong. & Admin.News 1976, p. 5908). However, the burden of establishing entitlement to a fee award is upon the fee applicant. See id. at 437, 103 S.Ct. at 1941; see also 824 F.2d at 1402 (fee applicant must prove that hours spent and hourly rates are reasonable).
 
 
 8
 "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544, 79 L.Ed.2d 891 (1984) (emphasis added); see Daly v. Hill, 790 F.2d 1071, 1076-78 (4th Cir.1986). This sum is referred to as the lodestar. The hourly rate that can reasonably be charged by counsel reflects such factors as counsel's "experience and special skill" in the litigated area, Blum, 465 U.S. at 898, 104 S.Ct. at 1549, and the quality of counsel's representation. Daly, 790 F.2d at 1078; see also id. at 1075 n. 2 (discussing additional factors). The number of hours reasonably charged reflects such factors as the "novelty and complexity of the issues," Blum, 465 U.S. at 898, 104 S.Ct. at 1549, as well as the experience and skill of counsel. Hensley, 461 U.S. at 434, 103 S.Ct. at 1940 (excessive hours by inexperienced counsel should be reduced).
 
 
 9
 Where counsel take a case on a contingency basis it is, under certain circumstances, appropriate to enhance the lodestar figure as a whole or alternatively to apply a "multiplier" to the usual hourly rate charged by counsel in order to arrive at a "reasonable" fee award that furthers the underlying purpose of Sec. 1988 of insuring "effective access to the judicial process for persons with civil rights grievances." Hensley, 461 U.S. at 429, 103 S.Ct. at 1937 (quoting H.R.Rep. No. 94-1558, p. 1 (1976)). But the Supreme Court recently has held that "a court may not enhance a fee award any more than necessary to bring the fee within the range that would attract competent counsel." Delaware Valley, 107 S.Ct. at 3091. This means that "no enhancement for risk is appropriate unless the applicant can establish that without an adjustment for risk the prevailing party 'would have to face substantial difficulties in finding counsel in the local or other relevant market.' " Id. at 3091; see also Spell v. McDaniel, 824 F.2d 1380, 1404 (4th Cir.1987). Finally, the risks for which the enhancement is made in a particular case are not the "legal and practical risks peculiar to the particular case," 824 F.2d at 1404, but rather the risk of not obtaining competent counsel because of a "general difference in relevant market treatment of all comparable contingent fee cases." Id. at 1404 (citations omitted). "[A]t all times the fee applicant bears the burden of proving the degree to which the relevant market compensates for contingency." Delaware Valley, 107 S.Ct. at 3090 (citations omitted).
 
 
 10
 Bearing these principles in mind, we now consider plaintiff's fee petition.
 
 III
 
 11
 The specifics of plaintiff's fee petition for services rendered in conjunction with the post-trial proceedings in this case are laid out below:*
 
 APPELLATE FEES:
 
 12
 Adjustment
 Factor
 Where
Attorney Hours x Hourly Rate = Base Fee Requested Award
Attorney
Bryant 481.1 x 150 = 72,165.00 1.5 108,247.50
Tucker 488.8 x 150 = 73,320.00 1.5 109,980.00
Marshall 166.4 x 150 = 24,960.00 1.5 37,440.00
Ellyson 12.5 x 150 = 1,875.00 1.5 2,812.50
Beaver 199.1 x 125 = 24,887.50 24,887.50
Richardson 83.2 x 125 = 10,400.00 10,400.00
Paralegal
Mears 81.8 x 60 = 4,908.00 4,908.00
 ---------------- --------------- -----------
Totals 1,512.9 $212,515.50 $298,675.50
Bonus 15,000.00
Expenses 5,282.07
Total Award $318,957.57
CERTIORARI FEES
Attorney
Bryant 155.5 x 150 = 23,325.00 1.5 34,987.50
Marshall 58 x 150 = 8,700.00 1.5 13,050.00
Allen 83.6 x 80 = 6,688.00 6,688.00
Beaver 93.25 x 125 = 11,656.25 11,656.25
Paralegal
Black 12.1 x 35 = 423.50 423.50
 ---------------- --------------- -----------
Totals 402.45 $50,792.75 $ 66,805.25
Expenses 2,845.55
Total Award $ 69,650.80
FEES FOR PREPARING FEE PETITION
Attorney
Bryant 35.4 x 150 = 5,310.00 5,310.00
Marshall 6.3 x 150 = 945.00 945.00
Allen 22.9 x 80 = 1,832.00 1,832.00
Paralegal
Black 4.3 x 35 = 150.50 150.50
 ---------------- --------------- -----------
Totals 68.9 $ 8,237.50 $ 8.237.50
Expenses 541.67
Total Award $ 8.779.17
TOTAL AMOUNT REQUESTED: $397,387.54
__________________
 
 
 13
 As reasons advanced in support of their request for nearly $400,000 in fees and costs plus additional compensation for delay as well as interest in conjunction with their post-trial efforts, plaintiff's counsel argue that the case is one of great precedential value, that counsel deserve enhanced compensation because the case involved the investment of a great deal of their time on relatively short notice with a risk of no compensation whatsoever being received given the uncertainty that Sec. 1983 litigation entails.
 
 
 14
 The defendants, in response, raise several objections to plaintiff's request for attorney's fees. In particular the defendants argue that the number of hours expended by plaintiff's counsel on appeal was not reasonable because the appeal was overstaffed resulting in an "overkill" for which the defendants cannot properly be charged; because the hours spent by appellate counsel were duplicative of those already spent by trial counsel for which an award of $224,758.50 had already been made, see 824 F.2d at 1401; and because appellate counsels' unwarranted practice of engaging in long daily conferences about the various issues on appeal resulted in an unreasonable escalation in the number of hours spent.
 
 
 15
 The defendants also contend that the hourly rate of $150 applied across the board to all Obenshain attorneys, regardless of their individual skill and experience, is not supported by specific evidence of "the prevailing market rates in the relevant community" as contemplated by the Supreme Court. See Blum, 465 U.S. at 895-96, 104 S.Ct. at 1547. Related objections are made to the hourly rates charged in connection with the paralegal services.
 
 
 16
 Defendants further contend, as they did with respect to trial counsel fees on appeal, that a contingency multiplier is inappropriate in this case because plaintiff's attorneys have not shown such multiplier to be necessary to attract competent counsel. The defendants emphasize that Mr. Beaver's affidavit indicates only that he did not want to or could not take the time to continue to represent Spell on appeal, not that he was not competent to do so.
 
 
 17
 By affidavits from attorneys at several larger North Carolina law firms, defendants seek to establish that Mr. Beaver did not properly act on his personal belief that only small law firms would consider taking Spell's case on a contingent basis.
 
 
 18
 We find many of defendants' objections to plaintiff's attorney's fee petition to be substantially meritorious and accordingly will address them seriatim.
 
 IV
 A. Reasonable number of hours expended
 
 19
 As a preliminary matter, we observe that it is patently inconceivable that attorneys defending this overwhelming fact-supported jury verdict on appeal justifiably could expend a total of over 1,400 hours (175 working days) in roughly a five-month period to prepare and present written and oral arguments responsive to the issues raised by the appellants here. This is said without minimizing the substantial difficulty posed by the most critical issues raised, but in light of the fact that the arguments presented on those issues were not of outstanding quality and contributed little to the court's resolution of the appeal. It is similarly inconceivable that counsel, purportedly versed in appellate procedure, justifiably could have spent nearly 20 hours (2 1/2 working days) reviewing the relevant procedures on this procedurally unexceptional appeal. In several other particulars, as discussed below, plaintiff's attorneys have allegedly expended and consequently charged their client for an unreasonable number of hours on both the appeal and the subsequent proceedings.
 
 
 20
 Because their petition claims such an inflated expenditure of time in so many particulars and overall that it is impossible for this court to cull in detail the justified from the unjustified, we find that reasonable, competent counsel representing a successful plaintiff on appeal such as that in the present case could easily have accomplished their task in no more than 420 total hours and that this sum is the reasonable number of hours assignable to counsel's appeal-related endeavors. This figure represents our view that the full month provided counsel to draft their responsive brief to appellants' brief was adequate time for two attorneys billing 35 hours per week to accomplish the task, having had two weeks to familiarize themselves with the record and potential arguments on appeal, as well as to tend to other tasks appropriately billed to their client. We consider this figure to represent the number of hours that reasonable counsel, exercising responsible "billing judgment," could have charged their own client in this regard. See Hensley, 461 U.S. at 434, 103 S.Ct. at 1940.
 
 
 21
 This figure also necessarily assumes a pre-existing familiarity with the record because, under Sec. 1988, it is inappropriate to charge defendants with the time necessary for replacement appellate counsel to reach the level of familiarity with the case for which trial counsel had already been compensated, see Hickman v. Valley Local School Dist., 513 F.Supp. 659, 662 (S.D.Ohio 1981), especially where several of the legal issues had already been fully argued in the district court. See Sotomura v. County of Hawaii, 679 F.2d 152, 153 (9th Cir.1982). Even considering the change of counsel post-trial, however, the number of hours charged Spell by counsel is far outside the realm of a reasonable exercise of billing judgment.
 
 
 22
 In order to illustrate the inflated nature of the hours plaintiff's attorneys have charged plaintiff Spell and on whose behalf they seek reimbursement we here note a few particulars of the itemized bills which Bryant has presented to Spell on behalf of the Obenshain and McCarthy & Durrette law firms and for which full payment has been received. References to the time records kept by Beaver and Richardson are also included. These bills and time records are the bases of the lodestar sought by counsel on Spell's behalf.
 
 
 23
 Attorneys Bryant, Marshall, Tucker, Ellyson, Beaver, and Richardson seek reimbursement for 1,431.1 hours they claim to have spent in representing Spell on appeal through briefing, oral argument, and response to appellants' motions to file supplemental authority. As indicated, we consider that only 420 hours are reasonably allocated to these tasks. Although it is difficult to discern the exact number of hours allocated to particular tasks undertaken in connection with the appeal due to the varying degrees of particularity with which these six attorneys have recorded their time, we have been able to approximate these figures. Because the burden is on the party seeking the fee award to establish the reasonableness of the hours spent, Hensley, 461 U.S. at 437, 103 S.Ct. at 1941, where it is necessary for the court to approximate because of counsel's inadequate record-keeping we consider it just so to do in favor of the party contesting the fee award. Cf. id.
 
 
 24
 Our review of the itemized bill presented to Spell by Bryant, Marshall and Tucker, indicates that they have charged Spell for almost 20 hours of time spent either reviewing or ascertaining simple aspects of Fourth Circuit procedure. This amount was not properly charged to their client where counsel's appellate experience was a basis for their hourly rate nor therefore can it be charged to defendants under 42 U.S.C. Sec. 1988. See Hensley, 461 U.S. at 434; Daly, 790 F.2d at 1079.
 
 
 25
 The attorneys also represent that at least 700 hours were spent researching and drafting their brief in response to the 10 specific issues raised in the appellants' brief. Additional hours were spent discussing these issues amongst themselves. Two of these issues were clearly frivolous and did not warrant discussion in this court's opinion. See Spell, 824 F.2d at 1399. Two of the remaining seven issues, designated as issues six and seven, were very simple evidentiary issues that warranted only limited discussion. See id. at 1400-01. However, it is clear from their time sheets that counsel spent in excess of 200 hours researching, briefing, and holding extensive conferences regarding these particular issues. We consider this time to have been unreasonable where these issues had been fully researched and discussed at the trial level, making the appellate endeavor largely duplicative, see Sotomura, 679 F.2d at 153; Hart v. Bourque, 798 F.2d 519, 52223 (1st Cir.1986), and where less than 10 pages of their 47 page brief were even devoted to these issues. This particular work could reasonably have been accomplished in 50 hours or less.
 
 
 26
 Similarly, it appears from their time sheets that appellate counsel spent at least 100 hours researching, briefing, and discussing appellate issues designated numbers three and nine relating to the district court's grant of a new trial on the damages issue alone. Again these issues were fully treated at the trial level, merited relatively limited discussion by this court, see 824 F.2d at 1400, and were treated only briefly in appellee's brief. We find that the hours spent were clearly excessive and duplicative, the issues warranting at most 30 hours work in restructuring for appeal.
 
 
 27
 Of the remaining five issues, issue number 10, on which counsel allegedly spent roughly 30 hours, concerned objections raised by appellants to the district court's award of attorney's fees, specifically as to the lodestar and the use of a contingency multiplier. Appellee's brief included two pages devoted to this issue, arguing that the district court had meticulously exercised its discretion and that appellants had waived their right to take issue with the fee award due to lack of contemporaneous objection. On appeal, plaintiff prevailed as to the district court's lodestar determination, but was not a prevailing party as to the application of the contingency multiplier due to intervening Supreme Court authority. See 824 F.2d at 1404. Accordingly only a portion of the time purportedly devoted to the fee issue, which appears no less characterized by overkill than the other issues, is properly charged to defendants. See Hensley, 461 U.S. at 435, 103 S.Ct. at 1940. On the basis of the plaintiff's brief which simply quotes the district court's opinion in support of its own lodestar determination, we find that 10 hours would suffice to afford such reasonable treatment of appellants' objections to the lodestar.
 
 
 28
 The remaining issues raised on appeal we can only consider to have been as poorly managed regarding time allocation as the seven already discussed. It is impossible to determine the exact number of hours devoted to these issues but it appears to have been in excess of a total of at least 400. We find that it is necessary to substantially reduce these hours to account for the duplication of effort from the trial level, and the overstaffing and overkill that is characteristic of the entire fee petition. See Tasby v. Estes, 651 F.2d 287, 289 n. 1 (5th Cir.1981). It is especially appropriate to reduce the number of hours that reasonably could be charged to work on these issues because the appellee's brief upon them was singularly unilluminating, see Robins v. Harum, 773 F.2d 1004, 1011 (9th Cir.1985), suggesting either that the recorded amount of time was inflated or that the time claimed was spent in such a duplicative fashion that no single attorney actually spent enough time to grasp these most critical issues, those to which this court devoted the bulk of its opinion. See 824 F.2d at 1385-99. No more than 150 hours could reasonably have been devoted to preparing the briefs on these issues.
 
 
 29
 Counsel's time sheets also specifically reflect that between attorneys Marshall and Tucker approximately 150 hours were spent reviewing the record on appeal. An additional 12 1/2 hours were spent by attorney Ellyson in indexing and cross-referencing the record. Between the five attorneys at least 30 hours were claimed to have been spent drafting the appellee's statement of the facts. In addition, at least 20 hours were spent preparing items from the record for inclusion in the appendix. All told, therefore, at the very least, 200 hours were allegedly spent by Spell's appellate counsel merely in digesting the record. We have already observed that it is inappropriate to charge defendants for duplicative endeavors and overkill on the part of newly acquired counsel. Defendants have already paid over $200,000 to plaintiff's trial counsel who can only be assumed to have had a substantial grasp of the record and the facts in this case. While we recognize that good appellate counsel must of course familiarize themselves with the record, we are satisfied that Spell's trial counsel working alone could easily have accomplished the task, including all indexing, cross-referencing, fact drafting, amongst other things, in well under 100 hours.
 
 
 30
 We have already noted that the obviously inflated claim of hours reasonably spent, the varying precision with which counsel maintained their time records, and counsel's failure to "make a good faith effort to exclude ... hours that are excessive, redundant, or otherwise unnecessary," Hensley, 461 U.S. at 434, 103 S.Ct. at 1939-40, makes it impossible specifically to pinpoint the exact hours which particular attorneys reasonably gave to particular tasks. We have therefore found it necessary to determine, based on our awareness "that it is highly unusual, if not unique, that the cost of presenting a case on appeal is more than it was for trial," Hickman v. Valley Local School Dist., 513 F.Supp. 659, 662 (S.D.Ohio 1981), and our awareness of the practical demands of this particular case, that no more than 420 total hours (roughly 50 full working days) could reasonably have been spent in post-trial appellate work on this case. One need look no further than the over 170 hours (21 working days) allegedly spent by counsel in preparation for 30 minutes of oral argument after over 1,000 hours had purportedly already been spent on the appeal to realize the vastly inflated claim of hours reasonably devoted to these tasks.
 
 
 31
 We further find that the hours of counsel's paralegal staff for which plaintiff requests compensation reflect the same duplication of effort and unreasonable billing judgment attributable to the attorneys' own recorded hours. Paralegal Dru Mears allegedly spent 81.8 hours copying cases, punching holes, running errands, filing cases, and creating tabs and indexes as well as a small amount of proofreading, cite checking, and working on the table of cases for the appellate brief. Mr. Spell was charged an hourly rate of $60 for these services for a total of $4,908.00. We find that the number of hours claimed for this type work should be reduced in the same proportion that we have reduced counsel's hours. Plaintiff may therefore recover for 24.54 hours (81.8 X .30) of paralegal time in connection with the appeal at the reasonable hourly rate discussed infra. This reduction accounts not only for duplication but also for the fact that the attorney's own hourly rate can properly be considered to subsume the secretarial-type services identified as having been performed by their paralegals.
 
 
 32
 Finally, we find that the number of hours spent by counsel in connection with the post-appeal proceedings, including the hours spent preparing the fee petition in this case, as reflected in the McCarthy & Durrette firm's time records for September 24, 1987 through March 30, 1988, and Beaver's records for August 6, 1987 through January 6, 1988, reflect the same unreasonable expenditures of hours as do the fee statements related to the direct appeal to this court. By affidavit, Bryant admits that "the procedure followed in the preparation of plaintiff-respondent's brief for the Supreme Court was similar to that followed ... in the preparation of the brief that was filed in the Fourth Circuit." We have already observed that this procedure obviously involved very substantial duplication of effort amongst at least four attorneys, that it was redundant of effort expended in earlier proceedings, and that it involved excessive conferences. We therefore find that the 390.35 hours recorded as having been spent by attorneys Bryant, Marshall, Allen, and Beaver and the 12.1 hours recorded as having been spent by paralegal Black on post-appeal services are properly reduced to 117.11 hours and 3.63 hours, respectively. Again, this reflects the roughly 70% reduction in hourly expenditures we have found necessary to apply to all of counsel's hours statements in order to find a basis for a reasonable attorney's fee in this case. A like reduction is properly applied to the simply incredible 64.6 hours that counsel contend in their supplemental motion they spent preparing the present fee petition. Nineteen attorney hours were sufficient to accomplish the initial task as well as to reply to defendants' objections. Cf. Sun Publishing Co. v. Mecklenburg News, Inc., 823 F.2d 818, 819-20 (4th Cir.1987). The secretarial-type services performed by McCarthy & Durrette's paralegal in connection with the fee petition are properly considered as part of counsel's overhead and do not merit an additional award.
 
 B. Reasonable hourly rate
 
 33
 In our opinion in Spell v. McDaniel, 824 F.2d 1380 (4th Cir.1987), this court affirmed the district court's finding, based on evidence of relevant prevailing market rates, that $125 was a reasonable hourly rate for trial counsel Beaver considering, among other things, his experience and the type of issues involved in this case. See id. at 1402. In the present fee petition it is argued that Mr. Richardson, formerly compensated at a $100 hourly rate, having since gained experience and become a partner in the Fayetteville, North Carolina firm, can also reasonably charge $125. A flat hourly rate of $150 is submitted as reasonable for attorneys Bryant, Marshall, Tucker, and Ellyson. An award for time spent by paralegal Mears is sought at a rate of $60 per hour while paralegal Black's rate is only a requested $35 per hour. By affidavit, the lesser rate for Black is explained as reasonable in that she had never worked on the case before. A like reason applies to the requested hourly rate of $80 for attorney Allen.
 
 
 34
 Affidavits submitted in conjunction with the present motion, including those submitted by defendants, as well as those before the district court, see 824 F.2d at 1403 n. 19, support our prior conclusion, affirming that of the district court, that $125 is a reasonable and prevailing market rate for attorneys involved in cases similar to the present one. We therefore find that this is a reasonable rate for all attorney's hours billed in connection with the post-trial proceedings. Because "[c]ounsel's experience is only one of many factors to be considered in determining a reasonable fee," 824 F.2d at 1403 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974)), and further because we have determined the number of hours that reasonably were expended in this case on the premise that one or two attorneys of like skill and experience were adequate to accomplish the various tasks in the stated numbers of hours, we decline to adjust the hourly rate of $125 either upward or downward to account for the slight variations of skill level and experience possessed by the seven attorneys who have represented Spell in post-trial proceedings. Cf. Hensley, 461 U.S. at 434, 103 S.Ct. at 1939-40 (holding that properly exercised billing judgment includes reductions in hours billed for attorneys of lesser skill and experience). Likewise a uniform rate for all services rendered is appropriate where the hours expended reflect only those "properly billed to one's client," Id. (citation omitted); 824 F.2d at 1403 (upholding district court's application of uniform rates).
 
 
 35
 Plaintiff's counsel have admitted that $35 per hour is a reasonable hourly rate for a paralegal who is new to an ongoing case. Defendants appear mainly to object to the $60 hourly rate charged for paralegal Mears' services. However, the focus of defendants' objection is the number of hours credited to paralegal work of a predominantly secretarial nature which is thus properly included in the office overhead rather than as a separate charge. See Ramos v. Lamm, 713 F.2d 546, 558-59 (10th Cir.1983). We find, therefore, that $35 per hour is a reasonable hourly rate for the paralegal services of Mears and Black where both, like their employers, were late additions to the case.
 
 C. Expenses
 
 36
 A prevailing plaintiff in a civil rights action is entitled, under Sec. 1988, to recover "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." Northcross v. Board of Educ. of Memphis City Schools, 611 F.2d 624, 639 (6th Cir.1979); see Daly, 790 F.2d at 1084. Plaintiff's counsel have submitted itemized bills pertaining to out-of-pocket expenses incurred in all post-trial proceedings in this matter. The total comes to $8,669.29, to which the defendants have not objected. We have reviewed the statements and find the items contained therein to be reasonable. We therefore award plaintiff the entire $8,669.29 requested.D. Contingency Multiplier
 
 
 37
 We have already concluded that, in light of the Supreme Court's holding in Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, --- U.S. ----, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), "the 'contingency multiplier' allowed in this case [by the district court] is not legally justified." 824 F.2d at 1405. In particular we found that the record revealed "no dearth of competent counsel willing to take this and comparable cases on a contingency basis ... without any guarantee of special enhancement of reasonable 'lodestar' fees." Id. This situation obviously could not have changed between the trial and appeal in this case, especially where plaintiff already had competent counsel and was now armed with a jury award of $900,000 which enjoyed a presumption of regularity on the appeal. Mr. Beaver's unsupported affidavits and hunches as to the possibilities of obtaining alternative or associate appellate counsel without application of a 1.5 contingency multiplier are not sufficient to establish that "enhancement for risk was necessary in the relevant market to insure that 'poor clients with good claims [could] secure competent help.' " Spell, 824 F.2d at 1404 (quoting 107 S.Ct. at 3089). Accordingly, we reject as not justified plaintiff's request for enhancement of the fees of attorneys Bryant, Tucker, Marshall, and Ellyson as well as the requested $15,000 bonus to the Obenshain firm.
 
 E. Interest and Compensation for Delay
 
 38
 The request from the Obenshain firm for interest on its appellate fee award from the December 5, 1986 billing date to January 20, 1988, is denied as unjustified. An eight percent enhancement for delay, or $1,126.70 (112.67 hours X $125 X .08) is, however, justified as to that portion of the fee attributable to Spell's trial counsel as reduced in accordance with this court's earlier judgment. Cf. 790 F.2d at 1081.
 
 V
 
 39
 On the basis of the reasoning above, we find that a reasonable attorney's fee award for the post-trial proceedings in the present case is $69,513.75, which sum is arrived at by multiplying the $125 reasonable hourly rate by the 556.11 attorney hours reasonably spent on all of these proceedings combined. An additional $958.95 (28.17 hours X $35) is awarded for paralegal services; $8,669.29, for out-of-pocket expenses; and $1,126.70 for delay. Accordingly, the defendant-respondents are hereby ordered to pay the sum of $80,295.69 to plaintiff Henry Z. Spell as a final award of attorney's fees in connection with his successful Sec. 1983 action against them.
 
 
 40
 To put things in perspective, it may be proper to close by emphasizing several critical aspects of this matter. The fee award claimed here is for services rendered in defending on appeal--not establishing at trial--a civil rights plaintiff's entitlement to a substantial damage award. The appeal presented no difficult problems of appellate procedure; in that sense it was quite simple and straightforward. While it did present a substantial and difficult substantive issue concerning the viability of plaintiff's legal theory of recovery, the jury verdict was overwhelmingly supported by the evidence within that theory. This was in fact a case so substantially proven and properly tried below that it could only be lost on appeal by judicial rejection of the basic legal theory upon which it was tried and submitted to the jury. Aside from one rather sticky problem involving the trial court's instructions on one aspect of the case, there were no other serious assignments of trial court error. While the verdict and judgment and the underlying legal theory were ultimately upheld on appeal, this cannot in candor, since the issue is raised, be attributed in any significant degree to the work of appellate counsel. This case was essentially won by trial counsel's efforts and simply not lost by appellate counsel's. Appellate counsel's claim for a fee award substantially in excess of the quite generous fee already awarded trial counsel is therefore completely at odds with the realities of the case and with a fair assessment of what went into making plaintiff a "prevailing party" in the end.
 
 
 41
 IT IS SO ORDERED.
 
 
 
 *
 Counsel for plaintiff also request that the Obenshain firm be awarded interest on the amount of fees presented in its bill to Spell dated December 5, 1986 until the date the bill was paid, January 20, 1988. An enhancement for delay is requested in conjunction with the fees of Beaver and Richardson for appellate services rendered since June 1986 and for which payment may not already have been tendered