**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PERRY R. SHASTEEN,
<u>Plaintiff-Appellant,</u>

v.

No. 96-2024

OLYMPUS GYM, INCORPORATED; SEVEN
CORNERS HEALTH CLUB,
INCORPORATED; DAVID WEBER,
<u>Defendants-Appellees.</u>

PERRY R. SHASTEEN,
<u>Plaintiff-Appellee,</u>

v.

No. 96-2093

OLYMPUS GYM, INCORPORATED; SEVEN
CORNERS HEALTH CLUB,
INCORPORATED; DAVID WEBER,
<u>Defendants-Appellants.</u>

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA 95-1382-A)

Argued: July 8, 1997

Decided: August 22, 1997

Before HAMILTON and LUTTIG, Circuit Judges, and
G. Ross ANDERSON, Jr., United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Michael Bredehoft, CHARLSON & BREDEHOFT, P.C., Reston, Virginia, for Appellant. John Paul Markovs, ADAMS, PORTER & RADIGAN, LTD., McLean, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This is an appeal from an order awarding two-sevenths of the requested amount of attorneys' fees and costs under the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12001 et seq. We reverse and remand in part for further proceedings because the District Court used an impermissible fixed percentage mathematical approach comparing the total number of claims in relation to those claims that prevailed. Also, we reverse in part because Weber was not a party to the ADA claims and therefore should not be held liable for any attorneys' fees or nontaxable costs. Thus, we affirm in part, reverse in part and remand for further proceedings consistent with this opinion.

This action alleged seven causes of action. Two claims were under the employment provisions of the ADA and the five remaining claims under Virginia law were for wrongful termination, assault, battery, interference with contract, and intentional infliction of emotional distress. The plaintiff claims that while he was employed as the manager of the Seven Corners Health Club, which is owned by Olympus Gym, Inc. and David Weber, he had two disabilities and that the defendants

2

refused to accommodate either disability. The plaintiff claims to suffer from asthma, and further claims that in June of 1989 his condition was complicated by the contraction of a lung infection. Plaintiff claimed that both the asthma and the infection are disabilities. The complaint also alleged that Defendant Weber insulted, spat upon, punched, and generally harassed the plaintiff on many occasions.

The defendants made an offer of judgment for $50,000.00 as to all seven counts pursuant to Fed. R. Civ. P. 68. Plaintiff accepted and judgment was entered against the defendants on February 29, 1996. Plaintiff relied on Section 2000e-5(k) of Title VII and moved for attorneys' fees of $16,118.50, taxable costs of $135 and non-taxable costs of $59.63.

On May 20, 1996, the District Court entered an Order awarding the plaintiff two-sevenths of his requested fees, costs, and nontaxable expenses. The plaintiff filed a timely motion under Fed. R. Civ. P. 59(e) for reconsideration. This motion was denied without a hearing on June 21, 1996. This appeal followed.

The District Court correctly determined that the prevailing plaintiff is entitled to an award of attorneys' fees and costs. Federal courts routinely award fees to prevailing plaintiffs in civil rights and discrimination cases. The fact that the plaintiff accepted a Fed. R. Civ. P. 68 settlement makes the plaintiff a prevailing party on his ADA claims and, as such, he is entitled to an award of attorneys' fees and costs. Marek v. Chesny, 473 U.S. 1 (1985); Marryshow v. Flynn, 986 F.2d 689, 691-92 (4th Cir. 1993). The parties in this case could have stipulated that the $50,000 settlement figure included accrued attorneys' fees or otherwise settled the issue of attorneys' fees and costs. They did not, and the plaintiff is entitled to an award of attorneys' fees and costs as a prevailing party.

Guidance for setting the amount of attorneys' fees is provided by the Supreme Court's opinion in Blum v. Stenson , 465 U.S. 886 (1984). The substantial issue that this Court must address is whether the District Court used a permissible legal standard in reducing the amount of fees and costs by five-sevenths. This Court reviews the District Court's determination of attorney's fees for abuse of discretion. See Daly v. Hill, 790 F.2d 1071 (4th Cir. 1986); Spell v.

3

McDaniel, 852 F.2d 762 (4th Cir. 1988); Johnson v. Hugo's Skateway, 974 F.2d 1408 (4th Cir. 1992).

The only factor which is pertinent to this appeal is whether the five common-law claims asserted in the original complaint were distinct in all respects from the two ADA claims. The District Court determined, "[t]here is no significant overlap between the state law and ADA counts of the complaint." It was on this determination that the lower court denied five-sevenths of the requested fees and costs.

The district court determined that Shasteen's two ADA claims were unrelated to his five state claims. Relying on the Supreme Court's decision in Hensley v. Eckerhart, 461 U.S. 424 (1983), in which the Court held that no fees should be awarded for time spent on unsuccessful claims that were unrelated to successful ones, the district court ruled that Shasteen should not be compensated for the time spent pursuing the five state claims. The methodology used by the district court in deciding the fee and cost issue, the ratio of successful claims to unsuccessful claims, has been rejected by the Supreme Court. "We agree with the District Court's rejection of a mathematical approach comparing the total number of issues in the case with those actually prevailed upon.... Such a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors. Nor is it necessarily significant that a prevailing plaintiff did not receive all of the relief requested." Hensley at 435 n.11 (1983).

The district court's award of attorneys' fees must therefore be vacated and this portion of the case remanded for a recalculation of the amount of attorneys' fees owed Shasteen.

Second, because Weber was not named as a defendant to any of the ADA claims, he cannot be held liable for any award of attorneys' fees or nontaxable costs in this case. Further, the Appellant's Petition and Memorandum do not specifically claim that Weber should be held liable for any such fees. Weber is liable for taxable costs under 28 U.S.C. § 1920.

In sum, we affirm the award of attorneys' fees and costs to the plaintiff.* However, we reverse the district court's award against

_____

*The defendants also cross-appealed, claiming that the district court erred when it granted Shasteen any attorneys' fees or costs. According

4

Weber as to attorneys' fees and nontaxable costs only. While we disagree with the formula used by the district court, we specifically make no finding as to the proper amount of fees. We remand in part for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

_____

to defendants, in an argument not raised before the district court, the $50,000 settlement included attorneys' fees and costs for Shasteen. Because we conclude, for the reasons stated herein, that Shasteen is entitled to attorneys' fees and costs as a prevailing plaintiff and that the $50,000 did not include attorneys' fees and costs, we reject the defendants' argument as stated in their cross-appeal.

5