**Michael Scott COOK, Plaintiff,**

v.

**Wendy Dale ANDREWS, Defendant.**

**No. CIV.A. 3:97CV411.**

United States District Court,
E.D. Virginia,
Richmond Division.

June 5, 1998.

---

Wyatt B. Durrette, Jr., Durrette, Irvin & Bradshaw, P.C., Richmond, VA, John Gregory Odom, New Orleans, LA, M. Brice Ladson, Ladson, Odom & Desroches, Savannah, GA, W. Scott Wilson, Richmond, VA, for Michael Scott Cook, plaintiff.

James Willard Walker, Morris & Morris, Richmond, VA, W. Carrington Thompson, Chatham, John Adrian Gibney, Jr., Shuford, Rubin & Gibney, P.C., Robert A. Dybing, Shuford, Rubin & Gibney, P.C., Richmond, VA, for Wendy Dale Andrews, Officer, the Town of Clarksville, Virginia, defendants.

## MEMORANDUM

MERHIGE, District Judge.

This matter comes before the Court on Plaintiff's Motion For Attorney's Fees and Expenses. For the reasons that follow, the motion will be GRANTED.

### BACKGROUND

Plaintiff Michael Scott Cook sued Officer Wendy Dale Andrews and her employer, the Town of Clarksville, for injuries he sustained when Officer Andrews shot him in the arm during a traffic stop. He sought $1.3 million in compensatory damages and $1 million in punitive damages, for a total claim of $2.5 million. Officer Andrews counterclaimed for injuries received when the Plaintiff allegedly knocked her to the ground and repeatedly kicked her. On April 10, 1998, the Court granted the Town of Clarksville's motion for summary judgment. After a two day jury trial, the jury awarded Plaintiff $27,000.00 in compensatory damages, rejecting his claim for hundreds of thousands of dollars in lost wages and his claim for punitive damages. The jury awarded Officer Andrews $10,000.00 in punitive damages against the Plaintiff (corrected by the Court to $5 in compensatory damages and $10,000.00 in punitive damages).

### ANALYSIS

On May 20, 1998, Plaintiff filed its petition for award of expenses and attorneys' fees against Officer Andrews pursuant to 42 U.S.C. § 1988, which is the attorneys' fee counterpart for a prevailing party in a Section 1983 action. Section 1988 provides in pertinent part that:

> In any action or proceeding to enforce a provision of sections ... 1983 ... of this title [42 U.S.C.], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Officer Andrews concedes that (1) Plaintiff was the prevailing party; (2) the action was brought to enforce a provision of 42 U.S.C. § 1983; and (3) pursuant to 42 U.S.C. § 1988 the Court, in its discretion, may allow the Plaintiff a reasonable attorneys' fee. Officer Andrews complains only about the requested amount, which is $20,534.64 in expenses and $180,168.19 in attorneys' fees for the work of seven attorneys at three law firms for 1400 hours of attorneys' time and 500 hours in paralegal time. Plaintiff's original bill was in the sum of $271,672.75, which Plaintiff's attorneys have, before submitting the fee petition to the Court, reduced by 33% in recognition of the fact that the jury did not award damages in as substantial amount he had sought.

Allowance and computation of an attorneys' fees award is "within the judicial discretion of the trial judge, who has close and intimate knowledge of the efforts expended and the value of the services rendered." *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir.1978), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). In deciding reasonable attorney's fees, the Court must determine the lodestar amount by determining the reasonable rate and reasonable hours for counsel's work by considering the twelve factors enumerated in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974). *See Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Daly v. Hill*, 790 F.2d 1071, 1078 (4th Cir.1986) ("As *Blum* makes clear, the lodestar fee is now the proper focus of the entire *Johnson* analysis in most cases.").

The *Johnson* factors are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the preclusion of other employment by the attorney as a result of acceptance of the case; (5) the customary fee for like work; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "undesirability" of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship with the client; and (12) attorneys' fees awards in similar cases. *See Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (utilizing *Johnson* factors). There is

no strict formula, however, as to the application of the *Johnson* factors. *Trimper v. City of Norfolk, Virginia,* 846 F.Supp. 1295, 1303 (E.D.Va.1994), *aff'd,* 58 F.3d 68 (4th Cir.), *cert. denied,* 516 U.S. 997, 116 S.Ct. 535, 133 L.Ed.2d 440 (1995).

The movant bears the burden of "establish[ing] the reasonableness of the requested amount," *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir.1990) (citing *Blum,* 465 U.S. at 895–96 n. 11, 104 S.Ct. 1541), both by showing the reasonableness of the rate claimed and the number of hours spent. *See Spell v. McDaniel,* 824 F.2d 1380, 1402 (4th Cir.1987), *cert. denied sub nom, City of Fayetteville, N.C. v. Spell,* 484 U.S. 1027, 108 S.Ct. 752, 98 L.Ed.2d 765 (1988); *EEOC v. Nutri/System, Inc.,* 685 F.Supp. 568, 573 (E.D.Va.1988) ("Inadequate documentation is a basis for reducing or denying a fee award."). "The prevailing market rate [for attorney's fees] may be established through affidavits reciting the precise fees that counsel with similar qualifications have received in comparable cases; information concerning recent fee awards by courts in comparable cases; and specific evidence of counsel's actual billing practice or other evidence of the actual rates which counsel can command in the market." *Spell v. McDaniel,* 824 F.2d 1380, 1402 (4th Cir.1987).

In the case at bar, Plaintiff obtained counsel both in Savannah, Georgia, where the Plaintiff resides, and in Richmond, Virginia, where the case was filed and tried. Although the evidence Plaintiff has presented to the Court is inadequate for a determination of the reasonable hourly rate in Richmond for an attorney of similar experience, skill, and reputation as that of his attorneys, the court concludes, based upon its own knowledge and experience and consideration of the *Johnson* factors, that the rates charged by each of Plaintiff's attorneys are reasonable for the Richmond area. *See EEOC v. Nutri/System, Inc.,* 685 F.Supp. 568, 576 (E.D.Va.1988) (finding that absent a proper evidentiary base, the Court may determine the reasonable rates based upon its own knowledge and experience).

Next, the Court must determine the number of hours that were reasonably necessary to effectively handle this case. In this evaluation, the Court may not simply accept as reasonable the number of hours reported by counsel. *Espinoza v. Hillwood Square Mutual Ass'n,* 532 F.Supp. 440, 446 (E.D.Va. 1982) (citation omitted). The Defendant raises concerns under various of the *Johnson* factors and urges the Court to drastically reduce the number of hours for which Plaintiff's counsel may receive compensation. The following are among her objections to the number of hours billed by Plaintiff's counsel: (1) Plaintiff's attorneys' billing records reveal overstaffing and duplication of work by multiple counsel; (2) the billing records are also legally insufficient as many entries are unclear as to the task accomplished during the time billed; (3) the case was a routine excessive force case, and neither the facts nor the law were particularly difficult or novel; and (4) the results obtained are a small fraction of the amount sought and the amount spent in attorney's fees.

The Court shares each of the concerns expressed by Defendant, although the Court also notes that Plaintiff did have somewhat difficult facts with which to work and that his attorneys' work product was high quality and thorough. Although Plaintiff's counsel have already reduced their original fee request by 33% in recognition of the small monetary verdict, the Court concludes that an additional reduction of thirty percent of the hours billed is appropriate to achieve fairness and equity in the attorneys' fees award for this case. Thus, the Court will award each of Plaintiff's attorneys the hourly rate at which they billed their client, but will reduce the time spent by each of them, and their paralegals, by an additional thirty percent. Reducing the hours by an additional thirty percent results in an attorneys' fees award of $126,117.73.

*Costs and Expenses*

Although § 1988 speaks only of recovering "attorney's fees," a prevailing plaintiff is also entitled to its reasonable expenses under section 1988. *See Spell v. McDaniel,* 852 F.2d 762, 771 (4th Cir.1988) ("A prevail-

ing plaintiff in a civil rights action is entitled, under § 1988, to recover those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services."). Plaintiff seeks reimbursement of $20,534.64 in expert witness expenses. The Court finds these expense requests to be unreasonably high. For example, Mr. Murphy, who testified on the use of force, billed $12,979.29, nearly half the verdict realized by the Plaintiff, and he charged $1,500.00 per day for attendance at trial, even though he only testified for a brief time during the trial. In interests of justice and fairness, the Court will therefore grant 50% of the requested amount for a total of $10,267.32.

## CONCLUSION

In conclusion, the Plaintiff is entitled to an award of attorneys' fees in the amount of $126,117.73 and expenses in the amount of $10,267.32. An Order will be entered awarding Plaintiff $136,385.05 plus the interest on that amount beginning on the date of the aforementioned Order and continuing until such time as the Defendant satisfies the Court's award of attorneys' fees and costs in full, calculated at 5.434% per annum